J-S27015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CAMERON BUSSOLETTI AND JONATHAN DUSHAW | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| NANCY J. SHATTUCK REAL ESTATE & ASSOCIATES, LLC, AND NANCY SHATTUCK | : | |
| Appellants | : | No. 535 WDA 2021 |

Appeal from the Judgment Entered June 30, 2021
In the Court of Common Pleas of Warren County Civil Division at No(s):
2018-00266

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                **FILED: DECEMBER 30, 2021**

Appellants, Nancy J. Shattuck Real Estate and Associates, LLC and Nancy Shattuck, appeal from the judgment entered on June 30, 2021, in favor of Cameron Bussoletti and Jonathan Dushaw (hereinafter, collectively, "Plaintiffs") and against Appellants in the amount of $17,894.64.  We affirm.

The trial court ably summarized the underlying facts and procedural posture of this appeal:

> On June 21, 2018, Plaintiffs filed a complaint alleging they were owed commission monies as a result of the contracts for sale and/or closing monies on [13] properties during the course of time the Plaintiffs were independent contractors working on behalf of [Appellants].  . . .
>
> Plaintiffs filed a *praecipe* for arbitration on April 25, 2019. Arbitration was held on July 2, 2019 where Plaintiffs were

_____

[*] Retired Senior Judge assigned to the Superior Court.

awarded $18,003.93 plus statutory pre-judgment interest of 6% per annum. On July 23, 2019, [Appellants] filed a notice of appeal from award of board of arbitrators. In response, the [trial] court scheduled a bench trial. . . .

[The bench trial was held on June 19, 2020. The trial court heard the following evidence at trial].

For nearly eight (8) years, Plaintiffs worked as independent contractors for [Appellants] as real estate agents. Plaintiffs were the top selling agents each year they worked for [Appellants]. Plaintiffs executed a Nancy Shattuck Real Estate & Associates Independent Contractor's Agreement ("Agreement") annually, with their final agreement being signed on January 3, 2017. Pursuant to the Agreement, Plaintiffs gave [Appellants] their seven [] day notice of termination of the Agreement on February 13, 2017. It is alleged that [Appellants] refused to accept Plaintiffs' notice of termination. As of the date of Plaintiffs' termination notice, Plaintiffs had secured listing agreements on all [13] of the properties and six [] of the properties were also under sales contracts. Plaintiffs have only received partial payments in the amount of $4,158.14 on six [] of these properties and have received no payments on the remaining seven [] properties.

Plaintiffs aver that [Appellants] have been unjustly enriched in the amount of $17,894.64 which is still due and owing to the Plaintiffs. [Appellants] aver that Plaintiffs have been compensated for commissions earned prior to termination of Agreement, but they do not merit any compensation for commissions earned post-termination.

. . .

On July 27, 2020, [the trial] court issued [its judgment,] finding in favor of the Plaintiffs and awarding the amount of $17,894.64 plus statutory pre-judgment interest of 6% per annum.

Trial Court Opinion, 6/3/21, at 1-4 (some capitalization omitted).

Following the denial of Appellants' post-trial motion, Appellants filed a timely notice of appeal. Appellants raise seven claims on appeal:

[1.] Did the trial court err in relying upon the Plaintiffs' expert witness and not relying upon [Appellants'] expert witness regarding custom in the real estate industry?

[2.] Did the trial court err in determining that it was the custom for real estate agents to be entitled to their entire commission for real estate sales even where they were no longer agents for a real estate broker at the time of closing and did not perform all of the responsibilities and duties required of real estate agents prior to the closing of a real estate sale?

[3.] Did the trial court err in awarding Plaintiffs [100%] of the demanded commission amount when Plaintiffs had terminated their employment prior to the applicable listings reaching sales agreements?

[4.] Was it inequitable for the trial court to award the Plaintiffs [100%] of their demanded commissions where Plaintiffs did not complete [100%] of the work required to finalize the sale?

[5.] Did the trial court err in awarding Plaintiffs the entire commission related to the property located at 204 Eldred Hill Road when the uncontradicted testimony from [Appellants] was that this property was not ultimately sold by her, or her agents, and she had received no funds at the time of closing?

[6.] Did the trial court err in finding that the Plaintiffs met their burden of proof to show that the [Appellants] had been unjustly enriched?

[7.] Did the trial court err in finding the Plaintiffs were entitled to the entire commissions for all of the properties only by securing listing agreements on [Appellants'] behalf where there remained additional work to be completed prior to finalized closing on the real estate that was performed by other real estate agents?

Appellants' Brief at 4-5.

We have reviewed the briefs of the parties, the relevant law, the certified record, the notes of testimony, and the opinion of the able trial court judge, the Honorable Maureen A. Skerda. We conclude that Appellants are not entitled to relief in this case, for the reasons expressed in Judge Skerda's June 3, 2021 opinion. Therefore, we affirm on the basis of Judge Skerda's thorough opinion and adopt it as our own. In any future filing with this or any other court addressing this ruling, the filing party shall attach a copy of Judge Skerda's June 3, 2021 opinion.

Judgment affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2021